UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH BROWN,

      Plaintiff,                      Case No.:

-vs-

RHEMA - SOUTHGATE OPERATING, LLC,
a Limited Liability Company,
d/b/a SOUTHGATE MANOR, d/b/a THE MANOR
OF SOUTHGATE SKILLED NURSING AND
REHABILITATION CENTER,

      Defendant.
_____

**JOEL B. SKLAR P38338**
Attorney for Plaintiff
615 Griswold, Suite 1116
Detroit, MI 48226
313-963-4529
313-963-9310 (fax)
joel@joelbsklarlaw.com
_____

**COMPLAINT AND JURY DEMAND**

Plaintiff Deborah Brown by and through her attorney, Joel B. Sklar, files this

Complaint and Jury Demand against Defendant RHEMA – Southgate Operating,

LLC d/b/a Southgate Manor, d/b/a The Manor of Southgate Skilled Nursing and

Rehabilitation Center and says:

    1.     This is an action to enforce civil rights arising out of Plaintiff Deborah

Brown's employment relationship with Defendant Southgate Operating, LLC d/b/a

Southgate Manor, d/b/a The Manor of Southgate Skilled Nursing and Rehabilitation Center (collectively "Southgate Manor") pursuant to the Age Discrimination in Employment Act ("ADEA), being 29 USC § 261, *et. seq.*; the Americans with Disabilities Act of 1990 ("ADA"), being 42 USC 12101, et seq.; the Michigan Elliott Larsen Civil Rights Act, being MCL §37.2101, *et. seq.* for age discrimination and disability discrimination; retaliation in violation of the Family Medical Leave Act ("FMLA"), being 29 USC 2601, *et seq.*; and retaliation in violation of Plaintiff's civil rights under the ADEA, ADA and ELCRA.

2.     This Court has jurisdiction over this matter pursuant to the above referenced statute and 28 USC §§1331, 1343 and 1367.

3.     Plaintiff is a resident of this District.

4.     Defendant RHEMA –Southgate Operating, LLC is a limited liability company that does business in this District and is subject to the jurisdiction of this Court.

5.     The events giving rise to this cause of action occurred in this District.

## COMMON ALLEGATIONS

6.     Plaintiff Deborah Brown is a 54-year old female.

7.     Plaintiff was first hired by Defendant on December 19, 1994.

8.     Throughout her period of employment with Defendant, Plaintiff performed her job in an exemplary manner.

9. Because of her exemplary performance, Plaintiff was eventually promoted to the position of Dietary Manager where she continued her exemplary performance.

10. In or about December of 2015, Plaintiff was placed on leave pursuant to the FMLA because of pulmonary health issues and her disability of Chronic Obstructive Pulmonary Disorder (COPD).

11. On or about January 7, 2016, the day Plaintiff returned to work from FMLA leave, Plaintiff was given unfounded write-ups by Daryl Henderson her direct supervisor and manager for Defendant.

12. On January 7, 2016, Plaintiff was placed on a performance improvement plan (PIP) by Daryl Henderson. This was a transparent effort to force Plaintiff to resign her position with Defendant.

13. Plaintiff did not resign her position.

14. Instead, Plaintiff successfully completed all of the tasks sets forth in her PIP.

15. On February 23, 2016, Plaintiff was fired without cause by Daryl Henderson.

16. Defendant replaced Plaintiff with a substantially younger employee in spite of the fact that Plaintiff was better qualified, better educated and more experienced than the substantially younger employee who replaced her.

17.     Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

18.     On June 15, 2016, the EEOC issued Plaintiff a right to sue letter. (Exhibit A.)

## COUNT I

## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

19.     Plaintiff restates paragraphs 1 through 18 word for word and paragraph for paragraph.

20.     Plaintiff is a member of a protected class under the ADEA.

21.     Defendant is an employer covered under the ADEA.

22.     The ADEA prohibits an employer from discharging or discriminating against an employee because of such individual's age. 29 USC Section 621 et seq., 29 USC Section 623(a)(1).

23.     Plaintiff suffered an adverse employment action in that, among other things, she was terminated based on her age.

24.     Plaintiff was qualified for the position she held and performed her job in an exemplary manner.

25.     Plaintiff was replaced by a significantly younger employee outside the class of persons protected under the ADEA.

26.     Defendant discharged Plaintiff because of her age.

4

27. Defendant, by its agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

28. Defendant's acts were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

29. If Plaintiff had been younger, she would not have been treated in the manner described.

30. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT II

## VIOLATION OF THE MICHIGAN ELLIOTT LARSEN CIVIL-AGE DISCRIMINATION

31. Plaintiff restates paragraphs 1 through 30 word for word and paragraph for paragraph.

32. Defendant is an employer covered under the ELCRA, being MCL §37.2201, et seq.

33. Plaintiff was an employee covered under MCL §37.2201, et seq.

5

34.   MCL §37.2201 prohibits an employer from discriminating against an employee based on age.

35.   Plaintiff suffered an adverse employment action in that, among other things, she was terminated.

36.   Plaintiff was qualified for the position she held and performed her job in an exemplary manner.

37.   Plaintiff was replaced by a significantly younger employee outside the class of persons protected under the MCL §37.2201.

38.   Defendant discharged Plaintiff in whole or in part because of her age.

39.   Defendant, by its agents, representatives, and employees, were predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

40.   Defendant's acts were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

41.   If Plaintiff had been younger, she would not have been treated in the manner described.

42.   As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT III

## DISCRIMINATION BASED ON DISABILITY-ADA

43.     Plaintiff restates paragraphs 1 through 42 word for word, paragraph

for paragraph.

44.     At all relevant times, Plaintiff was an individual with a disability within

the meaning of §3(2) of the ADA, 42 USC §12102(1). Specifically, Plaintiff

has a physical impairment that substantially limits one or more of her major

life activities, has a record of the impairment, and is regarded by Defendant

as having the impairment.

45.     Defendant discriminated against Plaintiff because of her disability.

46.     If Plaintiff had not suffered with a disability, she would not have been

treated in the manner described.

47.     As a direct and proximate result of Defendant's wrongful acts and

omissions, Plaintiff has sustained loss of earnings, earning capacity, fringe

benefits and has suffered mental anguish, physical and emotional distress,

humiliation and embarrassment, and loss of professional reputation.

## COUNT IV

## VIOLATION OF THE ELLIOTT LARSEN CIVIL RIGHTS ACT-PDCRA

48.     Plaintiff restates paragraphs 1 through 47.

49.    At all material times, Plaintiff was an employee, and Defendant corporation, was her employer, covered by and within the meaning of the Persons with Disabilities Civil Rights Act (PWDCRA), MCL §37.1201, et seq.

50.    Plaintiff's COPD constitutes a disability as that term is defined by and within the meaning of the PWDCRA, MCL §37.1103(e).

51.    At the time of her termination, Plaintiff's COPD was unrelated to her ability to perform the duties of a Dietary Manager and is unrelated to her qualifications for employment as a Dietary Manager.

52.    Plaintiff was discriminated against, within the meaning of the PWDCRA, when Defendant terminated him because of her COPD.

53.    Plaintiff's COPD was a determining factor in whether to discharge Plaintiff.

54.    The actions of Defendant and its agents, representatives, and employees were intentional in disregard for rights and sensibilities to Plaintiff.

55.    As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT V

## FMLA RETALIATION

56.    Plaintiff restates paragraphs 1 through 55.

57.    Defendant is an employer covered under the FMLA, being 29 USC §2601 et seq.

58.    Plaintiff went on FMLA for treatment and care related to her COPD.

59.    On the day of her return from FMLA, Plaintiff was written up for issues that had nothing to do with her and was later placed on a PIP.

60.    Defendant willfully and intentionally retaliated against Plaintiff for taking FMLA by disciplining her when there was no reason to do so and discharging her.

61.    As a direct and proximate result of Defendant's wrongful acts and omission, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT VI

## RETALIATION IN VIOLATION OF THE ADEA, ADA AND ELCRA

62.  Plaintiff restates paragraph 1 through 61.

63. The ADEA, ADA and ELCRA prohibit an employer from retaliating against an employee because she asserted her civil rights.

64.    Plaintiff engaged in protected activity when she asserted her civil rights under the ADEA, ADA and ELCRA.

65.    Plaintiff was harassed and discharged because she engaged in protected activity.

66.    As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

**PLAINTIFF REQUESTS** that this Court enter judgment against Defendants as follows:

1.    Legal relief

a.    a judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled

b.    compensatory damages in whatever amount she is found to be entitled

c.    punitive and exemplary damages commensurate with the wrong and Defendants' ability to pay

       d.     an award of interest, costs and attorney fees as provided in the above referenced statutes and their counter-parts.

2.     Equitable relief

       a.     an order reinstating Plaintiff to the position she would have held if there had been no discrimination and retaliation by Defendants

       b.     an injunction prohibiting any further acts of retaliation or discrimination

       c.     an award of interest, costs, and reasonable fees

       d.     whatever other equitable relief appears appropriate at the time of trial.

Respectfully submitted,

 /s/ Joel B. Sklar
**JOEL B. SKLAR P38338**
Attorney for Plaintiff
615 Griswold, Suite 1116
Detroit, MI 48226
313-963-4529
313-963-9310 (fax)
Joel@joelbsklarlaw.com

Dated:  August 2, 2016

## JURY DEMAND

Plaintiff demands a jury trial of this cause of action.

Respectfully submitted,

*/s/ Joel B. Sklar*

**JOEL B. SKLAR P38338**
Attorney for Plaintiff
615 Griswold, Suite 1116
Detroit, MI 48226
313-963-4529
313-963-9310 (fax)
Joel@joelbsklarlaw.com

Dated:  August 2, 2016